# IN THE COURT OF APPEALS OF IOWA

No. 18-1905
Filed January 9, 2019

**IN THE INTEREST OF A.S.-M. and A.C.,**
**Minor Children,**

**C.C., Father of A.C.,**
 Appellant,

**K.S.-M., Mother,**
 Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to two children. The father of one of the children appeals the termination of his parental rights. **AFFIRMED ON BOTH APPEALS.**

Michael M. Lindeman of Lindeman Law, Cedar Rapids, for appellant father.

Annette F. Martin, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Robin L. O'Brien-Licht, Cedar Rapids, guardian ad litem for minor children.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**TABOR, Presiding Judge.**

A mother appeals from the juvenile court order terminating her parental rights to two children. The father of the younger child appeals the order terminating his parental rights as well. Both argue the State failed to prove the statutory grounds for termination by clear and convincing evidence and ask for more time to work toward reunification. Upon our review of the record, we reach the same conclusions as the juvenile court and affirm termination of the parents' rights.[1]

## I.     Facts and Prior Proceedings

Keana is the mother of A.C. (born in 2016) and A.S.-M. (born in 2010).[2] A.C.'s father is Christopher.[3] The court initially ordered removal of the children from their home in April 2017 because Keana and Christopher were using methamphetamine while caring for them. The court placed the children with their maternal grandmother, where they have remained throughout this case.

The court adjudicated the children in need of assistance (CINA) under Iowa Code section 232.2(6)(c)(2) (2017), finding Christopher and Keana's substance use and domestic violence placed the children in danger. Christopher has multiple convictions for assault with Keana as the victim. Keana has a history of relationships with violent partners, unstable mental health, psychiatric hospitalization, and substance abuse. Keana has assaulted others, including her

---

[1] Appellate review of termination-of-parental-rights proceedings is de novo. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). Our primary consideration is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).
[2] Keana has previously had her parental rights terminated to another child.
[3] A.S.-M's father is Travis. His parental rights were also terminated, but Travis is not a party to this appeal.

mother.  The parents continued to engage in a dysfunctional relationship, over the objections of social workers with the Iowa Department of Human Services (DHS).

The juvenile court ordered the parents to participate in drug testing, substance abuse treatment, mental health evaluations, and therapy to address domestic abuse issues.  Throughout the next year, the parents were inconsistent in their efforts and made very little progress toward those case goals.  In March 2018, the State petitioned to terminate parental rights.

At the termination hearing in June, the DHS social worker pointed to several safety concerns for the children if they were returned to Keana—specifically, her mental health instability and substance abuse, including a relapse in May 2018.

Both parents continued to struggle with addiction.  Keana entered substance abuse treatment four times without success.  She testified her next plan was a residential program in Arizona.  Throughout this case, she and Christopher repeatedly tested positive for drugs: Keana tested positive for cocaine and methamphetamine as recently as April 2018, and Christopher tested positive for either cocaine or methamphetamine in February, April, and May 2018.  Although he participated in substance abuse treatment, the DHS caseworker opined Christopher had not "internalized" the information because he was still missing drug tests or testing positive.  He admittedly continued to drink alcohol and surrounded himself with other drug abusers.

Both parents have criminal records.  During the case, Christopher incurred new charges for assault against Keana.  The State also charged Christopher with violating the related no-contact order.  Keana later asked prosecutors to drop the no-contact order.

Because of their ongoing substance abuse and the criminal case, the parents did not progress beyond supervised visitation.[4] And even those visits were sometimes fraught. The FSRP worker expressed concern for Keana's mental health because she was combative with the worker during visitation with the children. Keana's anger "escalated" even during visits in public places.

In May 2018, just three weeks before the termination hearing, Keana and Christopher clashed over his failure to invite her to his community college graduation party. When Christopher left in a friend's car, Keana chased him in another car,[5] running a red light and crashing into a bystander's vehicle. She testified she "got pissed off" and "went on a rampage, basically had a mental health breakdown."

The record contains other examples of her instability. At one point in the termination hearing, during upsetting testimony by the social worker, Keana left the courtroom, saying "so I don't go to jail." Although Keana obtained mental health treatment at various times, she did not consistently follow through with recommendations or medication.

The juvenile court found the State proved the statutory grounds for termination of Christopher's parental rights to A.C. under Iowa Code sections 232.116(1), paragraphs (h) and (*l*). It also found grounds for termination of Keana's rights to A.C. under paragraph (h), to A.S.-M. under paragraph (f), and to both children under paragraph (*l*). Keana and Christopher both appeal.

---

[4] The Family Safety, Risk, and Permanency (FSRP) worker testified that although individually Keana and Christopher were fairly consistent in attending visitations, parented appropriately, and retained a bond with the children, they could not parent safely together.
[5] Keana does not have a valid driver's license.

**II.    Analysis**

**A.  Statutory Grounds**

"When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) (citing *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010)).  Termination under Iowa Code section 232.116(1)(f) requires proof of these elements:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Termination under Iowa Code section 232.116(1)(h) requires proof of the following elements:

> (1)  The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Neither Christopher nor Keana disputes the State proved the first three elements of paragraphs (f) and (h) as to A.S.-M. and A.C. respectively.  They contest only

the last element—the children cannot be returned at the present time.[6]  In support,

both parents cite section 232.102(6)(a), which states,

> Custody of the child should not be transferred unless the court finds there is clear and convincing evidence that:
> (1) The child cannot be protected from physical abuse without transfer of custody; or
> (2) The child cannot be protected from some harm which would justify the adjudication of the child as a [CINA] and adequate placement is available.

Both parents contend they have never posed a risk of physical abuse.  But clear

and convincing evidence supports the conclusion the children cannot be protected

from harm that is sufficient to justify adjudicating them as CINA.  They were

adjudicated under section 232.2(6)(c)(2) when the court found the children

"suffered or [were] imminently likely to suffer harmful effects" due to the parents'

failure "to exercise a reasonable degree of care in supervising" them while abusing

drugs and being violent toward each other.  A child "cannot be returned to the

parent under Iowa Code section 232.102 if by doing so the child would be exposed

to any harm amounting to a new child in need of assistance adjudication." *In re

M.M.*, 483 N.W.2d 812, 814 (Iowa 1992).

Christopher points to his appropriate parenting skills and consistent

visitation.  But despite those strengths, he has not addressed his violent conduct

toward Keana.  He also continued abusing drugs, drinking alcohol, and associating

with people who do the same—even after the State filed the termination petition.

He tested positive for drugs just three weeks before the hearing.  He cannot safely

parent A.C. with "a reasonable degree of care" under these circumstances—she

---

[6] For a termination of parental rights, "present time" means the time of the termination hearing.  *A.M.*, 843 N.W.2d at 111.

would remain at risk of adjudicatory harm. The record supports the conclusion A.C. cannot be returned to his care at the present time.

Keana likewise asserts she attends visitations, parents appropriately, and is addressing her substance abuse issues. But the record shows she has repeatedly failed to complete drug treatment or maintain sobriety, especially through the stressful periods in her life. She also has not adequately addressed her mental health. She continued to have angry outbursts as recent as three weeks before the termination hearing. There is clear and convincing evidence the children could not be returned to Keana's care at the time. She admits as much by her plan to leave the state to attend inpatient substance abuse treatment and "get away from everything here for a while."

The evidence shows Keana and Christopher are a volatile combination, yet they maintain contact. Like the juvenile court, we conclude the children "would continue to be at imminent risk of harm to their health, safety and welfare if placed with either parent due to the same parental behavior that led to the removal."

### B. Additional Time

Both Christopher and Keana ask for more time to work toward reunification. Iowa Code section 232.104(2)(b) allows the juvenile court to extend the CINA case for an additional six months if the court identifies "specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child . . . will no longer exist at the end." Here, nothing in the record supports such a finding for either parent. Neither parent has demonstrated sufficient progress toward the DHS case goals. Keana argues her chances at overcoming addiction have improved since the beginning of the case

and her inpatient treatment could be successful. But "the past is prologue. The best predictor of what someone will do tomorrow is what he or she did yesterday." *See In re Marriage of Hoffman*, 867 N.W.2d 26, 43 (Iowa 2015). Keana's lack of success on four previous tries at treatment do not support the view she would be ready to care for A.C. and A.S.-M in another six months.

Christopher's recent conduct also offers little hope he would be able to safely resume care of A.C. in six months. The children have been removed from the parents for more than one year and should not have to "continuously wait for a stable biological parent." *D.W.*, 791 N.W.2d at 707.

Accordingly, we affirm termination of Keana's parental rights to A.C. and A.S.-M. under Iowa Code section 232.116(1)(h) and (f) respectively and Christopher's parental rights to A.C. under section 232.116(1)(h).

**AFFIRMED ON BOTH APPEALS.**